IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DARREN RAY STIBBENS,<br>Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 7:07-CV-139-O |

MEMORANDUM OPINION AND ORDER DISMISSING CASE

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas.

Petitioner seeks to challenge the validity of disciplinary action no. 20070017540 which was taken against him at the Allred Unit. *Petition ¶ 17.* On September 21, 2006, Petitioner was found guilty of assaulting an officer by throwing a cup of water on the officer's upper chest. *Disciplinary Hearing Record at p. 1 (hereinafter "DHR at p. ___ .").* As a result of the finding of guilt, Petitioner lost 30 days of previously earned good time credits and was placed on 15 days of recreation restriction and 45 days of commissary restriction. *Id.* In support of his petition, Stibbens present the following grounds for relief:

1. The allegation against him was not true;
2. The charge was brought as a result of conspiracy and for purposes of retaliation;

3. He was denied the right to attend the disciplinary hearing, and;

4. "Lies, lies, lies."

*Petition ¶¶ 20.A-D.*

The due process rights of prisoners are generally limited to freedom from restraint which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Restrictions which merely alter the conditions of confinement do not implicate due process. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (commissary and cell restrictions); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (same). A prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *Malchi*, 211 F.3d at 957-58; *see also Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991) (finding that Texas prisoners have no protected liberty interest in early release on parole).

When a prisoner has a protected liberty interest in the loss of accrued good time credits, the revocation of such credits must comply with minimal procedural due process. *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *see Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (holding that prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated"). The minimal due process requirements are: (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the opportunity to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied upon and the reasons for any disciplinary action taken. *Wolff*, 418 U.S. at 563-68. The second requirement under

*Wolff* is limited in that confrontation and cross-examination of witnesses is not constitutionally required. *Id.* at 567-68; *Wade v. Farley*, 869 F.Supp. 1365, 1375 (N.D. Ind. 1994). Additionally, prison officials may, at their discretion, limit the number of witnesses called without offering an explanation to the prisoner. *Wolff*, 418 U.S. at 563-68.

In the case at bar, Petitioner lost previously earned good-time credits and he is eligible for release to mandatory supervision. *Petition* ¶¶ *16 & 18.* Therefore, he has a constitutionally protected liberty interest sufficient to justify the consideration of his petition on the merits. *See Malchi*, 211 F.3d at 958-59.

In his first ground for relief, Stibbens claims that "the story was not true." *Petition* ¶ *20.A.* The Court first interprets this ground as a claim of actual innocense. Unfortunately, this Court is without authority to retry Stibbens' disciplinary case on the merits. "[This] court is not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh evidence." *Hudson*, 242 F.3d at 538 (Pogue, J., specially concurring). Federal courts hold no appellate authority over prison disciplinary proceedings and may intervene only to correct errors of constitutional magnitude. *See Smith v. Phillips*, 455 U.S. 209, 221 (1982). Federal courts "do not sit as a super state supreme court in habeas corpus proceedings to review errors under state law." *Cronnon v. State of Alabama*, 587 F.2d 246, 250 (5th Cir. 1979). The fact that Stibbens claims prison officials lied about his offense does not give rise to any issue of constitutional magnitude.

To the extent that this ground for relief may be construed as a claim of insufficient evidence to support a finding of guilt, Petitioner fares no better. Despite having been afforded the opportunity to state facts in support of his due process claims, Stibbens failed to articulate any facts which could

support an insufficient evidence claim. *See Petitioner's Answer to the Court's First Questionnaire (Doc. No. 6) at Question No. 4.*

Federal habeas review of the sufficiency of the evidence is extremely limited. Due process requires only "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454, (1985); *see Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) (requiring the court to determine whether "any evidence at all" supports disciplinary action taken by prison officials).

Review of the Disciplinary Report and Hearing Record reveals that, in making his decision, the hearing officer relied upon the officer's report, the Outpatient Disciplinary Case Review (HSP-22) and a photograph of the victim of the assault. *DHR at pp. 1-5.* Such evidence constitutes sufficient evidence to satisfy constitutional due process requirements in the context of a prison disciplinary proceeding. *See Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001) (finding that a prison incident report alone constitutes "some evidence" of guilt). Petitioner is not entitled to relief on this ground.

In his second ground for relief, Petitioner claims that the charge was brought as a result of conspiracy and for purposes of retaliation. Stibbens has failed to submit any evidence or state any facts to support this claim. *See Petitioner's Answer to the Court's First Questionnaire (Doc. No. 6) at Question No. 4*. Instead, he offers only his subjective opinion and belief as to prison officials' motive for bringing the disciplinary action. Such unsupported allegations are insufficient to warrant habeas relief. *See Fahle v. Cornyn*, 231 F.3d 193, 196-97 (5th Cir.2000) (declining to grant habeas relief on petitioner's conclusory allegations that he had not been presumed innocent and that he was not proven guilty beyond a reasonable doubt); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)

(emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).[1]

In his third ground for relief, Stibbens claims that he "was not brought to the hearing to be heard [and that he] was not called out [and] given a chance to go to the hearing [or] escorted to the hearing." Construed as a claim that he was denied the right to attend the disciplinary hearing, the record in this case refutes Petitioner's claim. The record reflects that Stibbens was afforded the opportunity to attend the disciplinary hearing, but refused to do so. *DHR at pp. 1, 7, 8 & 11.* When asked for his reasons for committing the offense or for his defenses, his response to the investigating officer was "fuck you bitch." *Id. at p. 8.* Because he was offered the opportunity to attend his disciplinary hearing and defend himself, but refused, Stibbens is not entitled to relief on this ground.

In his forth ground for relief, Petitioner alleges "lies, lies, lies." Petitioner has offered no factual support for this claim. *See Petitioner's Answer to the Court's First Questionnaire (Doc. No. 6) at Question No. 4.* To the extent that this may be construed as a claim that Petitioner was innocent of the charge and that prison officials lied to obtain a finding of guilt, this issue has already been addressed.

Petitioner has failed to present a ground for relief which could show that the disciplinary action taken against him was constitutionally infirm. He has not shown a lack of written notice of the alleged disciplinary violation at least 24 hours prior to a hearing, that he was denied the opportunity to call witnesses and present documentary or that he did not receive a written statement

[1] The Court has severed Petitioner's conspiracy and retaliation claims for purposes of further review under the Civil Rights Act, 42 U.S.C. § 1983. *See* Order entered June 2, 1010 (Doc. No. 14).

from the hearing officer as to the evidence relied upon and the reasons for the disciplinary action taken.

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is DENIED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 3rd day of June, 2010.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**